UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY PAUL REIHER,

    Plaintiff,

v.

ROBERT JOHNSON, et. al.,

    Defendants,
_____/

Case No. 20-CV-12722
Honorable Thomas L. Ludington
United States District Court

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT

**I.**

Plaintiff Jeffrey Paul Reiher filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan. The complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**II.**

Plaintiff has been allowed to proceed without prepayment of fees. ECF No. 4; s*ee* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

1

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

**III.**

Plaintiff claims that all of the alleged actions occurred while he was incarcerated at the Gus Harrison Correctional Facility. ECF No. 1. Plaintiff alleges that in January 2017, Defendant Johnson, an inspector with the Michigan Department of Corrections, violated his Fifth Amendment right against incrimination and his Sixth Amendment right to counsel by threatening Plaintiff with

a prison misconduct charge to obtain a statement from Plaintiff that was used in his pending criminal case in the Wayne County Circuit Court, Case # 17-006034-01-FC. *Id.* at PageID.16. Plaintiff claims that Defendant Johnson later violated his rights of access to counsel and to the courts by refusing to activate his Personal Identification Number or PIN which prevented Plaintiff from being able to speak with his attorney in his criminal case. *Id.* Plaintiff claims that Defendant Johnson continued to deny telephone privileges to Plaintiff in retaliation for Plaintiff filing grievances against Johnson. *Id.* Plaintiff claims that as a result, he was unable to contact his trial attorney after the original sentencing date of January 12, 2018 was adjourned. *Id.* at PageID.16–17. Plaintiff further claims that he only had five minutes to discuss the pre-sentence investigation report with counsel prior to sentencing on February 5, 2018 and as a result was unable to bring certain errors in the report to his counsel's attention. *Id.* Plaintiff claims that trial counsel was unable to object to the scoring of several prior record variables of the sentencing guidelines. *Id.* Plaintiff does not indicate what he was convicted of, but the Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004), indicates that Plaintiff was convicted by a jury of carjacking and sentenced to 25–50 years.[1]

Plaintiff further claims that Defendant Trowbridge, the librarian at Gus Harrison Correctional Facility, wrote Plaintiff a misconduct for disobeying a direct order after she charged him "for unwanted copies and refused to return his funds. *Id.* at PageID.17. On September 11, 2017, Plaintiff filed a grievance against Trowbridge for embezzling his funds. *Id.* at PageID.18. On September 18, 2017, Plaintiff was found guilty of the misconduct and received several

---

[1] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=708203.

sanctions but the hearing officer did not bar Plaintiff from the law library. *Id.* Plaintiff claims that in retaliation for filing a grievance, Trowbridge denied Plaintiff access to the law library. *Id.* Plaintiff wrote Defendant Ricumstrict, the Deputy Warden on December 26, 2017, to complain about the denial of access to the library but never received a response. *Id.* Plaintiff claims that his library privileges were reinstated on February 20, 2018, after he had been sentenced. *Id.*

Plaintiff seeks monetary damages and other relief.

### IV.

Plaintiff's lawsuit is subject to dismissal for several reasons.

Plaintiff's access to counsel and access to the courts claim cannot be maintained because the only injury that Plaintiff complains of involves his criminal case out of Wayne County, which has yet to be vacated or set aside.

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Plaintiff's claim for damages under 42 U.S.C. § 1983 for the alleged denial of access to his criminal defense attorney cannot be maintained because he has not alleged, nor shown, that his criminal conviction in state court was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Cumpian v. Nye*, 1998 WL 791732, at * 1 (6th Cir. Nov. 6, 1998) (quoting *Heck*); *Carson v. Hamblen Cty.*, 2017 WL 3038135, at * 6 (E.D. Tenn. July 17, 2017). Plaintiff's related claim that Defendant Johnson obtained an incriminating

4

statement against him in violation of his Fifth and Sixth Amendment rights is likewise barred by *Heck. Scheib v. Grand Rapids Sheriff's Dep't,* 25 F. App'x 276, 277 (6th Cir. 2001). The claims against Defendant Johnson must be dismissed.

Plaintiff's claim that he was denied access to the law library would not necessarily call into question the validity of his conviction because such a finding would go only to the conditions of Plaintiff's confinement. However, to sustain a claim involving the denial of access to the library, Plaintiff would be required to show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). If Plaintiff's only injury is his allegedly wrongful conviction, which his complaint implies, his access to the library claim is prohibited by *Heck* because a verdict in Plaintiff's favor will indirectly imply that his criminal conviction is invalid. *See Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 658 (D.S.C. 2007); *Ray v. Hogg*, No. 05-73910, 2007 WL 2713902, * 6 (E.D. Mich. Sept. 18, 2007). Plaintiff's access to the law library claim is fatally flawed because he fails to describe the nature of any other type of claims he lost by being denied access to the library. *See Catanzaro v. Harry*, 848 F. Supp. 2d 780, 803 (W.D. Mich. 2012).

Plaintiff's law library claim fails for a second reason. Plaintiff was represented by counsel during the time that he was denied library privileges. The Sixth Circuit has held that "[a] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts,* 702 F. 2d 639, 640 (6th Cir. 1983). As long as a state provides legal counsel to assist a prisoner with his case, the state has fulfilled its obligation to provide a prisoner with access to the courts. *Id.* Therefore, as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts. *See United States v.*

*Manthey,* 92 F. App'x 291, 297 (6th Cir. 2004); *Skelton v. Pri-Cor, Inc*., 963 F. 2d 100, 104 (6th Cir. 1991); *Holt,* 702 F. 2d at 640; *See also Thompson v. Elo,* 919 F. Supp. 1077, 1084 (E.D. Mich. 1996) (habeas petitioner's alleged lack of access to legal resources due to inadequate law libraries in prison did not provide cause for procedural default, in light of fact that petitioner was represented by counsel at trial and on direct appeal). The claims against Defendant Trowbridge must be dismissed.

The complaint must be dismissed against Defendant Ricumstrict, the deputy warden at the Gus Harrison Facility, because Plaintiff failed to allege any personal involvement on the part of the defendant with the alleged unconstitutional deprivation.

A supervisory official cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (citing *Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

Deputy Warden Ricumstrict is not liable under § 1983 in his supervisory capacity for the alleged violation of Plaintiff's rights, because Plaintiff failed to allege that the deputy warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

The complaint will be dismissed. Because the complaint is being dismissed pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

Finally, because Plaintiff's complaint against these Defendants lacks any arguable basis in the law, any appeal by Plaintiff of the claims raised against these Defendants would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

**V.**

Accordingly, it is **ORDERED** that the civil rights complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that any appeal taken by Plaintiff would not be done in good faith. For the same reason, leave to appeal *in forma pauperis* is **DENIED**.

Dated: November 6, 2020          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Jeffrey Reiher** # 708203, EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 49444 by first class U.S. mail on November 6, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager